IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES WATKINS,

      Petitioner,

v.

CIVIL ACTION NO.: CV211-164

ANTHONY HAYNES, Warden,

      Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Watkins ("Watkins"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Watkins has filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Watkins was convicted in the Eastern District of Tennessee, after pleading guilty to conspiring to attempt to commit armed carjacking which resulted in the death of another, in violation of 18 U.S.C. §§ 2 and 2119, and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Watkins was sentenced to 30 years' imprisonment. Watkins filed a direct appeal, and the Sixth

Circuit Court of Appeals affirmed Watkins' convictions and sentences. United States v. Watkins, 86 F.3d 1157 (6th Cir. 1996).

Watkins filed a motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255, which was unsuccessful. (Doc. No. 10-1). The Sixth Circuit Court of Appeals dismissed for want of prosecution. Watkins then filed a section 2241 petition, which was dismissed as an unauthorized second or successive § 2255 motion. Watkins later sought permission from the Sixth Circuit to file a second or successive section 2255 motion, and his attempt was unsuccessful. However, the Sixth Circuit remanded Watkins' application and directed the Eastern District of Tennessee court to treat his request as a Rule 60(b) motion. (Doc. 10-5, p. 2). The trial court denied Watkins' motion, as it was untimely filed. (Id. at p. 10).

In this petition, Watkins asserts that he should have been sentenced to 15 years' imprisonment rather than the 30 year term he received. Watkins contends that the Jones v. United States, 526 U.S. 227 (1999), decision was entered after his conviction became final and is retroactively applicable. According to Watkins, he is actually innocent of a violation of § 2119 for the resultant death of another because this was not charged in the indictment.

Respondent asserts that Watkins does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those

AO 72A
(Rev. 8/82)

instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Watkins has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Watkins asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because the trial court erroneously dismissed his first § 2255 motion as untimely, which deprived him of his one unobstructed procedural vehicle to collaterally attack his sentence. (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three

AO 72A
(Rev. 8/82)

courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Watkins bases the claims set forth in his petition on the Supreme Court's decisions in Jones. In Jones, the Supreme Court determined that "subsections (1) and (3) of the federal anti-carjacking statute, 18 U.S.C. § 2119, which establish more severe penalties for cases resulting in substantial injury or death, were elements of the offense which created jury questions."[1] 526 U.S. at 232-35. However, the Supreme Court has not made its decision in Jones retroactively applicable to cases on collateral review so as to allow the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Moreover, to allow Watkins to have his

---

[1] At the time of Watkins' prosecution, a violation of section 2119(3) carried a term of imprisonment "for any number of years up to life[.]" 18 U.S.C. § 2119(3) (West 1993). A violation of section 924(c) carried a term of imprisonment of five (5) years. 18 U.S.C. § 924(c)(1) (West 1993).

4

requested relief pursuant to the holding of this case would constitute a "new rule" under Teague v. Lane, 489 U.S. 288 (1989).

In addition, Watkins fails to present evidence that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Watkins' claims have been denied previously, even if erroneously, does not mean that section 2255's remedy would be inadequate or ineffective to permit a § 2241 petition.[2] See Nguygen v. Wiley, 151 F. App'x 757, 760 (11th Cir. 2005) ("When a prisoner previously has filed a § 2255 motion to vacate [which was denied erroneously], he must apply for and receive permission from the circuit court prior to filing a successive § 2255 motion."). Watkins has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Watkins has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Watkins cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Watkins is

---

[2] Watkins relies on Clay v. United States, 537 U.S. 522, 527 (2003), which decided that a judgment is "final" "when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Watkins previously used Clay to no avail in his Rule 60(b) motion. (Doc. No. 10-5).

5

doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Watkins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)