IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES WATKINS,

    Petitioner,

v.

    CIVIL ACTION NO.: CV211-164

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Charles Watkins ("Watkins") contends that his claims are cognizable pursuant to 28 U.S.C. § 2241. Watkins asserts that his sentence exceeds the statutory maximum, and, because of this, there was a fundamental defect in his sentencing. Watkins relies on Chaplin v. Hickey, No. 10-12022, 2012 WL 488705 (Feb. 15, 2012), to support his contention. However, while Watkins may be entitled to utilize section 2241 based on the Chaplin decision, he still is not entitled to his requested relief. As the Magistrate Judge noted, Watkins faced a sentence "up to life" at the time he was sentenced, pursuant to 18 U.S.C. § 2119(3) (Doc. No. 13, p. 4, n.4). Being sentenced to 30 years' imprisonment, rather than the life sentence Watkins could have received, does not represent a fundamental defect in sentencing as an exception to the savings clause requirements.

Watkins also contends that his claims meet the savings clause, and the Magistrate Judge overlooks the impact of Jones v. United States, 526 U.S. 227 (1999), because the Jones decision is retroactively applicable and abrogated circuit precedent at the time of his conviction. Even if Watkins' representations regarding the Jones decision are correct, he overlooks the fact that he must establish that he was convicted of a non-existent offense to satisfy the savings clause. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see also, Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before 28 U.S.C. § 2255's savings clause is met). Watkins has failed to do so.

Watkins' Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Watkins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 15 day of May, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)